UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ZARAGOZA-RIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CONCORD,<br><br>    Defendant. | Case No. 18-cv-06803-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 18 |

## I. INTRODUCTION

Plaintiff Erik[1] Zaragoza-Rios brings this action against Defendant the City of Concord (the "City"). Zaragoza-Rios's complaint also names two Doe defendants: police officers identified only as Concord Police Officer Doe #1 and Concord Police Officer Doe #2 (the "Doe Officers"). The City moves to dismiss all claims against it in Zaragoza-Rios's first amended complaint, and to strike Zaragoza-Rios's request for punitive damages against the City. For the reasons discussed below, the City's motion is GRANTED, with leave to amend Zaragoza-Rios's claims against the City under state law no later than June 24, 2019.[2]

---

[1] Zaragoza-Rios's filings use both "Erik" and "Eric" as spellings of his first name.

[2] The City and Zaragoza-Rios have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). While unserved defendants generally must also consent for a magistrate judge to exercise jurisdiction based on "consent of the parties" under that statute, *see Williams v. King*, 875 F.3d 500 (9th Cir. 2017), this Court is not aware of any decision holding that consent is necessary from defendants who are both unserved and unidentified. Courts disregard such defendants in other contexts, including contexts affecting jurisdiction. *See, e.g.*, 28 U.S.C. § 1441(b)(1) (providing that for removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 414–15 (D. Haw. 1996) (reaching the same conclusion for diversity jurisdiction with respect to cases initially filed in federal court). The Court also notes that Zaragoza-Rios cannot proceed against the unserved defendants in this case without at some point filing an amended complaint to identify them, supporting a conclusion that they are not yet "parties" under the present complaint. At least one court after *Williams* has held that consent was not required where, as here, unserved defendants were identified only by fictitious names and the time for permissive service under Rule 4(m) after filing the complaint had

## II. BACKGROUND

Zaragoza-Rios alleges that Officer Doe #1 arrested him while he was walking home on July 17, 2016, refused to tell him why he was arrested, and threatened after Zaragoza-Rios was in custody to shoot him if he did not stay quiet. 1st Am. Compl. ("FAC," dkt. 16) ¶ 9. When Zaragoza-Rios refused to provide his name and requested to speak to an attorney during booking, Officer Doe #2 threw him to the ground and injured his hand. *Id.* ¶ 10.

Zaragoza-Rios requested medical attention after he noticed the next morning, on July 18, 2016, that his hand was swollen and throbbing with pain, but none was provided. *Id.* ¶ 11. Zaragoza-Rios requested medical attention again that afternoon, and after he was transferred to the Martinez Detention Center that evening, but alleges that he still received no medical attention. *Id.* ¶¶ 12–13. In tension with those allegations, Zaragoza-Rios also alleges that he was sent to a medical center for treatment on July 18, 2016, where he was diagnosed with a bone fracture in his hand and given a cast. *Id.* ¶ 14.

Zaragoza-Rios was released from custody on July 19, 2016 without being charged with a crime. *Id.* ¶ 15. He "had an operation to repair his left hand" later that month. *Id.* ¶ 16. Zaragoza-Rios alleges that he submitted a government claim on January 9, 2017 and "did not receive a written notice of rejection within 45 days." *Id.* ¶ 17.

Zaragoza-Rios filed his initial complaint in state court on July 10, 2018, and Defendants removed to this Court on November 9, 2018. *See* Notice of Removal & Ex. A (dkt. 1). After Defendants moved to dismiss the original complaint, Zaragoza-Rios filed his operative first amended complaint, which includes the following claims: (1) use of unreasonable force, against all Defendants,[3] *id.* ¶¶ 18–25; (2) battery, against Officer Doe #2 and the City, *id.* ¶¶ 26–31; (3) failure to summon medical care as required by California Government Code section 845.6, against all Defendants, *id.* ¶¶ 32–35; (4) violation of Zaragoza-Rios's Fourth Amendment rights

---

expired. *Steger v. Peters*, No. 6:16-cv-02093-YY, 2018 WL 3430671, at *1 n.1 (D. Or. July 16, 2018); *see* Notice of Removal (dkt. 1) Ex. A (original complaint filed July 10, 2018, naming "DOES 1 through and including 100"). The Court therefore concludes that consent of the unserved Doe Officers in this case is not necessary to proceed under § 636(c).
[3] Zaragoza-Rios's complaint does not cite any statute or other source of authority for this claim, but both parties' briefs address it as a claim under California law.

under 42 U.S.C. § 1983, against the Doe Officers, *id.* ¶¶ 36–40; and (5) violation of civil rights through a policy or practice under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against the City, FAC ¶¶ 41–45.

The City, as the only defendant currently identified and served, now moves to dismiss Zaragoza-Rios's state law claims and his *Monell* claim, and to strike Zaragoza-Rios's request for punitive damages against the City. *See generally* Mot. (dkt. 18).

## III. ANALYSIS

### A. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]'

3

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### B. Request for Judicial Notice

The parties dispute whether the Court may take judicial notice of a letter from the Concord City Attorney's Office rejecting Zaragoza-Rios's claim. *See* Request for Judicial Notice ("RJN," dkt. 19) Ex. B. Specifically, Zaragoza-Rios disputes the accuracy of the proof of service attached to that notice, arguing that the Court should not credit it as true in light of his allegation that he did not receive such a letter within forty-five days of submitting his claim. *See* Opp'n to RJN (dkt. 22); FAC ¶ 17.

It is not clear that the letter and proof of service are subject to judicial notice at all. Rule 201 of the Federal Rules of Evidence permits a court to take notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A party's own internal records do not generally qualify as such a source, and there is no indication that these documents are available in any sort of record available to the public. *Cf. Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' . . . ." (citation omitted)). Regardless, as the City itself argues in its request for judicial notice, a court may take judicial notice of public records "'not to credit the truth of the allegations or facts set forth therein,'" but only for the existence of such documents. RJN at 1 (quoting *Acasio v. San Mateo County*, No. 14-cv-04689-JSC, 2015 WL 5568345, at *1 n.1 (N.D. Cal. Sept. 22, 2015));[4] *Lee*, 250 F.3d at 689–90 (holding that although the district court could take judicial notice of "the *fact* that [a document] was signed," it erred in taking "judicial notice of *disputed* facts stated in public records").

---

[4] Rather than citing *Acasio*, Defendants erroneously cite a different case that includes only a portion of the quotation that they use. *See* RJN at 1 (citing *McMunigal v. Bloch*, No. C 10-02765 SI, 2010 WL 5399219, at *2 (N.D. Cal. Dec. 23, 2010)).

4

Zaragoza-Rios disputes whether the City mailed him a denial letter as stated in the proof of service. *See* Opp'n to RJN at 2 (asserting that Zaragoza-Rios "should have an opportunity to explore the accuracy of the proof of service"). Even if the Court could take judicial notice of the fact that someone signed a proof of service for the denial letter, using that document to establish that service in fact occurred would improperly credit the truth of the assertions therein. The Court declines to do so. *See Deen v. City of Redding*, No. S-13-1569 KJM CMK, 2014 WL 1513353, at *2–3 (E.D. Cal. Apr. 11, 2014) (declining at the pleading stage to take judicial notice of service of a denial letter).

### C. Statute of Limitations for California Government Claims

California law generally requires that before a plaintiff can sue a public entity or public employee for money damages, the plaintiff must first present a claim to the public entity. *See, e.g.*, *Willis v. Reddin,* 418 F.2d 702, 704 (9th Cir. 1969); *Briggs v. Lawrence,* 230 Cal. App. 3d 605, 613 (1991); Cal. Gov't Code §§ 950.2, 950.6. Compliance with this requirement must be alleged in the plaintiff's complaint. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). The entity generally must act on the claim within forty-five days, although it may extend that time. *See* Cal. Gov't Code § 912.4. If the entity provides written notice of a decision, the statute of limitations for the plaintiff to bring a civil action expires "six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6(a)(1). If the entity does not provide such notice, the plaintiff may bring a civil action "within two years from the accrual of the cause of action." Cal. Gov't Code § 945.6(a)(2).

Here, Zaragoza-Rios presented his claim to the City on January 9, 2017, FAC ¶ 17, and filed this action approximately eighteen months later, on July 10, 2018, Notice of Removal Ex. A. If, as the City contends, the City provided notice of denial in January of 2017, Zaragoza-Rios's claims under California law are untimely. If the City did not provide such notice, Zaragoza-Rios timely filed this action slightly less than two years after his alleged mistreatment.

At least three decisions by California appellate courts have held that a government defendant's mailing of a decision denying a claim triggers the six-month limitations period, even

if the plaintiff never receives that decision. *Phay Him v. City & County of San Francisco*, 133 Cal. App. 4th 437, 445 (2005) (holding that, because a claimant could inquire as to the status of a claim, the "claimant should not be permitted to forgo that opportunity and, then, rely on the fact no notice was delivered to extend the limitations period"); *County of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263, 1271 (2005) ("That Attorney Bash never received the notice that the claim had been deemed denied is irrelevant."); *Dowell v. County of Contra Costa*, 173 Cal. App. 3d 896, 901 (1985) ("'The two-year period of limitations obtains only when the notice was not served; the six-month rule applies if notice was served, even though not actually received by the claimant.'" (quoting a treatise) (emphasis omitted)).

"'In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.'" *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) (quoting *Andrade v. City of Phoenix*, 692 F.2d 557, 559 (9th Cir. 1982) (per curiam)). At least at this time, this Court is aware of no convincing evidence that the California Supreme Court would decide this issue differently.

At this stage, however, the *Dowell* rule does not end the inquiry. The mere denial of a claim does not trigger the six-month limitations period; the denial must be served, and if Zaragoza-Rios did not receive it, that would tend to support an inference that the denial was not mailed. *Cf.* Cal. Evid. Code § 641 ("A letter correctly addressed and properly mailed is presumed to have been received . . . ."); *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 921–22 (9th Cir. 2013) (discussing presumptions of receipt). Taking into account the Court's decision above regarding the limits of judicial notice, an allegation that Zaragoza-Rios did not receive the denial letter would be sufficient to state a claim that the City failed to serve any decision on his government claim, and that the two-year statute of limitations of applies, with the factual question of whether the City served Zaragoza-Rios to be decided after discovery. *See Rincon v. Burbank Unified Sch. Dist.*, 178 Cal. App. 3d 949, 954–56 (1986) (holding that a trial court erred in granting summary judgment based on the statute of limitations because whether a denial was served was a disputed issue of fact).

Zaragoza-Rios's allegation here, however, is something less than that. Zaragoza-Rios alleges only that he "did not receive a written notice of rejection *within 45 days*." FAC ¶ 17 (emphasis added). This allegation does not address whether Zaragoza-Rios received a decision at some point later than forty-five days from the date of his claim, which could still trigger a six-month limitations period, and also does not explicitly address whether Zaragoza-Rios's attorney—to whom the City contends it addressed the denial letter—received notice on his behalf. The conspicuously limited scope of Zaragoza-Rios's allegation does not, on its own, support a plausible inference that the City failed to serve written notice of denial. Zaragoza-Rios's claims under state law are therefore DISMISSED, with leave to amend if Zaragoza-Rios can allege that neither he nor his attorney ever received a denial letter evincing timely service.

Despite this reason for dismissal, the Court addresses below the City's other arguments for dismissing Zaragoza-Rios's claims under California law, to determine whether any claims should be dismissed with prejudice and to avoid duplicative motion practice if Zaragoza-Rios amends any such claim.

### D. Claims for Excessive Force and Battery Against the City

The City moves to dismiss Zaragoza-Rios's first two claims, for excessive force and battery, based on Zaragoza-Rios's failure to cite any statutory basis under which the City can be held liable for such conduct. Mot. at 8.

As Zaragoza-Rios correctly notes in his opposition brief, Opp'n at 5–7, California law permits claims against public entities based on vicarious liability for the actions of public employees. Cal. Gov't Code § 815.2 ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."); *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 215 (1991) (holding that "a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct"). The City does not dispute the merits of this argument, but contends that the California pleading standard nevertheless requires Zaragoza-Rios to identify in his complaint the specific

7

statutory authority for his claim against the City. Reply at 4–5.

"It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation and internal quotation marks omitted) (applying the heightened pleading standard of Rule 9(b)). Zaragoza-Rios therefore need only satisfy the pleading standard of Rule 8—as interpreted by *Twombly*, *Iqbal*, and other relevant precedent—under which a "complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008); *see also Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."). The City's motion is DENIED to the extent that it seeks dismissal for failure to cite statutory authority.

### E. Claim for Failure to Provide Medical Care

Under California law, a public entity or employee may be held liable for failure to provide medical care only "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6. Courts have interpreted this statute as requiring three elements: (1) a plaintiff's need for "*immediate* medical care"; (2) a public employee's knowledge of such need; and (3) failure to take reasonable action to summon care. *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013). "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care," and employee's knowledge of the need for such care may be either actual or constructive. *Watson v. State*, 21 Cal. App. 4th 836, 841 (1993). The City moves to dismiss Zaragoza-Rios's claim under section 845.6 for failure to allege sufficient facts to support a conclusion that any City employee was aware that Zaragoza-Rios needed immediate medical care for a serious condition. *See* Mot. at 9.

Zaragoza-Rios alleges that his hand was "throbbing in pain and visibly swollen," that when

he ultimately received treatment, he "was diagnosed with a closed fracture to the first metacarpal bone" and received a cast, and that he ultimately required "an operation to repair his left hand." FAC ¶¶ 11, 14, 16.[5]  This is sufficient the pleading stage to state a claim that Zaragoza-Rios suffered a "serious" injury.  *See Watson*, 21 Cal. App. 4th at 841.  Zaragoza-Rios also alleges that he twice requested care while in custody at the City's police station, and while he does not specifically allege to whom he made such requests, it is reasonable to infer at the pleading stage that the recipients of those requests were City employees.  FAC ¶¶ 11–12.  "California courts acknowledge that questions about jail personnel's actual or constructive knowledge of a prisoner's need for immediate medical care, as well as the reasonableness of actions, are questions for the factfinder."  *Oppenheimer v. City of La Habra*, No. SACV 16-00018 JVS (DFMx), 2017 WL 1807596, at *5 (C.D. Cal. Feb. 17, 2017) (citing, *e.g.*, *Zeilman v. County of Kern*, 168 Cal. App. 3d 1174, 1184 (1985)).  Whether the employees from whom Zaragoza-Rios requested care would or should have recognized that a detainee with a swollen hand repeatedly requesting medical care in fact required immediate medical care is a question of fact inappropriate for resolution at the pleading stage.

Zaragoza-Rios's first amended complaint does not provide a clear timeline of the events of July 18, 2016, the day on which he alleges that he both first requested care and ultimately received care.  *See* FAC ¶¶ 11–14.  Because all of Zaragoza-Rios's state law claims are dismissed with leave to amend to address the statute of limitations issue addressed above, the Court need not decide whether Zaragoza-Rios's failure to allege when on that day he received care would warrant dismissal.  If Zaragoza-Rios's second amended complaint alleges, as Zaragoza-Rios states in his opposition brief and stated in his government claim, that he did not receive treatment until nearly midnight after he had been transferred from the City's jail cell to the Martinez Detention Center, that would be sufficient to allege that the City failed to take reasonable action to summon medical care.

---

[5] The City mischaracterizes Zaragoza-Rios's allegations in its reply brief, asserting that Zaragoza-Rios "provides no factual allegations regarding his injuries [except] that his hand was 'throbbing in pain and visibly swollen.'"  Reply at 6–7 (quoting FAC ¶ 11).

9

### F. *Monell* Claim

The City moves to dismiss Zaragoza-Rios's fifth claim, for liability under *Monell*. Mot. at 9–15. Zaragoza-Rios does not oppose dismissal of this claim. Opp'n at 9. The City's motion is GRANTED as to Zaragoza-Rios's *Monell* claim, which is DISMISSED without leave to amend at this time, but without prejudice to Zaragoza-Rios requesting leave to amend if he later becomes aware of facts to support such a claim.

### G. Punitive Damages

The City moves to strike Zaragoza-Rios's request for punitive damages against the City, arguing that such damages cannot be recovered from public entities under either California law or § 1983. Mot. at 15. Zaragoza-Rios argues that Rule 12(f) does not permit striking such a request for damages, but "does not dispute . . . that he cannot recover punitive damages against the City." Opp'n at 9.

Because all of Zaragoza-Rios's claims against the City are subject to dismissal for the reasons stated above, the request for punitive damages against the City is moot with respect to the current complaint, and the Court declines to resolve the proper procedural mechanism for objecting to punitive damages. Having conceded that he cannot recover punitive damages from the City, Zaragoza-Rios may not include such a request in his second amended complaint, should he choose to file one.

## IV. CONCLUSION

For the reasons stated above, the claims against the City in Zaragoza-Rios's first amended complaint are DISMISSED, with leave to amend Zaragoza-Rios's claims under state law if Zaragoza-Rios can allege sufficient facts to cure the defects identified in this order. Zaragoza-Rios may file an amended complaint no later than June 24, 2019.

**IT IS SO ORDERED.**

Dated: May 24, 2019

JOSEPH C. SPERO
Chief Magistrate Judge